**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

NANCY DELANEY,

    *Plaintiff,*

   v.          No. 3:22-CV-50179

MENARD, INC.,       HONORABLE IAIN D. JOHNSTON

    *Defendant.*

## MEMORANDUM OPINION AND ORDER

 This is a diversity action brought under Illinois law. Before the Court is Menard's motion for summary judgment on the plaintiff's premises liability claim. Because she has failed to show a genuine dispute of material fact as to Menard's breach of a duty of care, the motion is granted.

## BACKGROUND

 On May 23, 2020, Nancy Delaney went with a friend to a Menard's in Crystal Lake, Illinois. Dkt. 68 ¶¶ 4-7. In the store's bathroom, she slipped and fell on a "puddle of water." *Id.* ¶ 20. The puddle formed because a toilet had overflowed. *Id.* ¶ 41.

 The crux of the case is this: Delaney and her friend told Menard's employees about her fall; after investigating the source of the water, they say the employees told them that it came from a toilet that leaked "sometimes," and was just then malfunctioning "again." Dkt. 71 ¶¶ 1-2.

1

## LEGAL STANDARD

A party is entitled to summary judgment when it demonstrates that there is no genuine dispute as to any material fact and judgment is proper as a matter of law. Fed R. Civ. P. 56. A fact is material when it could affect the outcome of the suit under the governing law, and a dispute is genuine when it could lead a reasonable jury to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the record in the light most favorable to the non-moving party and draw all reasonable inferences—and only reasonable inferences, *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins.*, 994 F.3d 869, 876 (7th Cir. 2021)—in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Smith v. Crounse Corp.*, 72 F.4th 799, 804 (7th Cir. 2023).

## ANALYSIS

Under Illinois law, Menard owed Delaney a duty to keep its premises "reasonably safe" to avoid injuring her. *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016). It may be found to have breached that duty here if (1) the water ended up on the floor of the bathroom through the actions of its agents; or if it was on notice about the water, either (2) actual or (3) constructive, and failed to clean it up. *Id.* There is no evidence that Menard caused the water to be on the floor, nor that it had actual notice, and Delaney does not argue that there is such evidence.

Her only argument that Menard is liable is thus based on its constructive notice of the water—and then only the variety of constructive notice imputed to a business when there is evidence of a pattern of dangerous conditions which it did not attend to

2

"within a reasonable period of time." *Culli v. Marathon Petroleum Co.*, 862 F.2d 119, 126 (7th Cir. 1988); *Dauber v. Menard, Inc.*, No. 18 CV 7752, 2021 WL 3172954, at *3 (N.D. Ill. July 27, 2021) ("Menard's *response* to a repeated hazard is the essential factor, not the hazardous pattern itself.") (emphasis added).

This theory is founded solely on the employees' alleged admission that the toilet had leaked before. Dkt. 71 ¶¶ 1-2. But even if these statements are accepted for their truth, Fed. R. Evid. 801(d)(2)(D), and thereby tend to establish that there was a pattern of dangerous water leakage from the toilet, there is no further evidence that Menard's responses to this repeated hazard, or some category of hazards drawn more broadly, were not timely. In the absence of any evidence suggesting that Menard had previously taken insufficient precautions to clear dangerous conditions reasonably quickly, constructive notice of the water cannot be imputed to it on this occasion—and Delaney's claim therefore necessarily fails. *Kozyra v. Dollar Tree Stores, Inc.*, No. 15-CV-8605, 2017 WL 2958103, at *7-8 (N.D. Ill. July 11, 2017) (granting summary judgment where evidence of previous hazards, without accompanying evidence that they were "unattended to, generated complaints, or caused recurring injuries," satisfied at most only "half of the pattern-or-practice calculation").

Menard's motion for summary judgment is granted.

Date: May 15, 2024

HONORABLE IAIN D. JOHNSTON
*United States District Judge*